IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LEIHINAHINA SULLIVAN, #09779-122,<br><br>Plaintiff,<br><br>v.<br><br>RUSTAM A. BARBEE,<br><br>Defendant. | CIVIL NO. 22-00464 LEK-RT<br><br>ORDER DISMISSING INITIAL COMPLAINT AGAINST RUSTAM A. BARBEE FOR INEFFECTIVE ASSISTANCE OF COUNSEL AND ACTION |

## ORDER DISMISSING INITIAL COMPLAINT AGAINST RUSTAM A. BARBEE FOR INEFFECTIVE ASSISTANCE OF COUNSEL AND ACTION

Before the Court is pro se Plaintiff Leihinahina Sullivan's ("Sullivan")

Initial Complaint Against Rustam A. Barbee for Ineffective Assistance of Counsel

("Complaint").  ECF No. 1.  Sullivan alleges that Barbee has provided her

ineffective assistance in two ongoing criminal cases.  *Id.* at PageID.2.  For the

following reasons, the Complaint and this action are DISMISSED.

## I. STATUTORY SCREENING

The Court is required to screen all in forma pauperis pleadings pursuant to

28 U.S.C. § 1915(e)(2).  *See Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir.

2018).  Claims or complaints that are frivolous, malicious, fail to state a claim for

relief, or seek damages from defendants who are immune from suit must be

dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. § 1915(e)(2) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. *See id.*

In conducting this screening, the Court liberally construes pro se litigants' pleadings and resolves all doubts in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130. When a claim cannot be saved by amendment, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II.  **BACKGROUND**[1]

Sullivan is awaiting sentencing in two federal criminal cases.  *See* Minutes, *United States v. Sullivan*, Cr. No. 17-00104 JMS-KJM-1 (D. Haw. July 20, 2021), ECF No. 1202; Minutes, *United States v. Sullivan*, Cr. No. 21-00096 JMS-1 (D. Haw. July 20, 2021), ECF No. 6   In each case, Sullivan's court-appointed counsel is Defendant Rustam A. Barbee.  *See* CJA 20 Appointment and Authority to Pay Court-Appointed Counsel, *Sullivan*, Cr. No. 17-00104 JMS-KJM-1 (D. Haw. Feb. 4, 2022), ECF No. 1350; CJA 20 Appointment and Authority to Pay Court-Appointed Counsel, *Sullivan*, Cr. No. 21-00096 JMS-1 (D. Haw. Feb. 7, 2022), ECF No. 48.

Sullivan commenced this action by signing the Complaint on October 25, 2022.  *See* ECF No. 1 at 2.  Sullivan alleges that Barbee has provided ineffective assistance in her two criminal cases.  *Id*.  According to Sullivan, Barbee did not adequately communicate with her, failed to object to a presentence report, did not prepare her for an evidentiary hearing, failed to make various objections, and did not file an appeal.  *Id*.  Based on her claims, Sullivan seeks unspecified damages. *Id*.

---

[1] Sullivan's factual allegations are accepted as true for purposes of screening.  *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

### III. <u>DISCUSSION</u>

The Court liberally construes this action as being brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In *Bivens*, the Supreme Court "recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017) (per curiam) (internal quotation marks and citation omitted). *Bivens* involved a suit against individual federal agents who violated the Fourth Amendment's prohibition against unreasonable searches and seizures. *See Bivens*, 403 U.S. at 389–90. Since *Bivens*, the Supreme Court has expanded this implied cause of action only twice. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017) ("These three cases — *Bivens*, *Davis*, and *Carlson* — represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself."); *Davis v. Passman*, 442 U.S. 228 (1979) (suit under the Fifth Amendment's Due Process Clause for gender discrimination by a United States Congressman); *Carlson v. Green*, 446 U.S. 14 (1980) (suit under the Eighth Amendment's Cruel and Unusual Punishment Clause for failure to provide adequate medical treatment by federal prison officials).

The Supreme Court "has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Abbasi*, 137 S. Ct. at 1857 (quoting *Iqbal*,

556 U.S. at 675).  "This is in accord with the Court's observation that it has 'consistently refused to extend *Bivens* to any new context or new category of defendants.'"[2]  *Id.* (quoting *Malesko*, 534 U.S. at 68).  Indeed, the Supreme Court has indicated that "if [the Court] were called to decide *Bivens* today, [it] would decline to discover any implied causes of action in the Constitution."  *Egbert*, 142 S. Ct. at 1809.

In deciding whether a *Bivens* remedy is available, courts first consider whether providing such a remedy is precluded by prior cases in which the Supreme Court or the Ninth Circuit has declined to recognize an implied right of action.  *See Lanuza v. Love*, 899 F.3d 1019, 1025 (9th Cir. 2018).  If a claim is precluded, that is the end of the matter.  If a claim is not precluded, courts then apply a two-step test.

---

[2] The Supreme Court declined to create a *Bivens* remedy in the following cases:  a First Amendment suit against a federal employer, *see Bush v. Lucas*, 462 U.S. 367 (1983); a race discrimination suit against military officers, *see Chappell v. Wallace*, 462 U.S. 296 (1983); a substantive due process suit against military officers, *see United States v. Stanley*, 483 U.S. 669 (1987); a procedural due process suit against Social Security officials, *see Schweiker v. Chilicky*, 487 U.S. 412 (1988); a procedural due process suit against a federal agency for wrongful termination,  *see FDIC v. Meyer*, 510 U.S. 471 (1994); an Eighth Amendment suit against a private halfway house operator under contract with the BOP, *see Corr. Servs. Corp. v. Malesko*, 534 U.S. 61 (2001); a claim of retaliation by Bureau of Land Management officials against plaintiff for his exercise of Fifth Amendment property rights, *see Wilkie v. Robbins*, 551 U.S. 537 (2007); a suit under the Fifth, Eighth, and Fourteenth Amendments against United States Public Health Service personnel, *see Hui v. Castaneda*, 559 U.S. 799 (2010); an Eighth Amendment suit against prison guards at a private prison, *see Minneci v. Pollard*, 565 U.S. 118 (2012); a Fifth Amendment suit against Department of Justice officials, *see Abbasi*, 137 S. Ct. 1843; a Fourth and Fifth Amendment suit against a United States Border Patrol agent, *Hernandez v. Mesa*, 140 S. Ct. 735 (2020); and a First and Fourth Amendment suit against a United States Border Patrol Agent, *see Egbert v. Boule*, 142 S. Ct. 1793 (2022).

At step one, courts determine whether a plaintiff is seeking a *Bivens* remedy in a new context.  *See Ioane v. Hodges*, 939 F.3d 945, 951 (9th Cir. 2018).  The context is new "[i]f the case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme Court]."  *Abbasi*, 137 S. Ct. at 1859.  If the plaintiff is seeking a *Bivens* remedy in a new context, then courts proceed to the second step.

At step two, courts may extend *Bivens* only if two conditions are met.  First, "a court may not fashion a *Bivens* remedy if Congress already has provided, or has authorized the Executive to provide, 'an alternative remedial structure.'"  *Egbert*, 142 S. Ct. at 1804 (citations omitted)).  "So long as Congress or the Executive has created a remedial process that it finds sufficient to secure an adequate level of deterrence, the courts cannot second-guess that calibration by superimposing a *Bivens* remedy."  *Id.* at 1807.  "Second, if a claim arises in a new context, a *Bivens* remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'"  *Id.* at 1803 (citation omitted).  "If there is even a single 'reason to pause before applying *Bivens* in a new context,' a court may not recognize a *Bivens* remedy."  *Id.* (citation omitted).  Although the Supreme Court has yet to define "special factors," it has explained that "the inquiry must concentrate on whether the Judiciary is well suited, absent congressional

action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Abbasi*, 137 S. Ct. at 1857–58.

The Supreme Court has stated that this two-step test often resolves to a single question:  "whether there is *any* rational reason (even one) to think that *Congress* is better suited to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Egbert*, 142 S. Ct. at 1805 (citation omitted).  "Put another way, 'the most important question is who should decide whether to provide for a damages remedy, Congress or the courts?'" *Id.* at 1803 (citation omitted).  "If there is a rational reason to think that the answer is 'Congress' — as it will be in most every case, no *Bivens* action may lie." *Id.* (citation omitted).  Thus, "if there is any reason to think that 'judicial intrusion' into a given field might be 'harmful' or 'inappropriate,'" or "even if there is the '*potential*' for such consequences, a court cannot afford a plaintiff a *Bivens* remedy." *Id.* at 1805–06 (citations omitted).

Sullivan's claims must be dismissed for at least two reasons.  First, there is no *Bivens* remedy for Sullivan's claims because Barbee was not acting under color of federal law.  *See Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) ("If a public defender does not act under color of state law in representing an indigent defendant in a state criminal proceeding, it follows that a public defender does not act under color of federal law in performing the identical functions as a lawyer to

an indigent defendant in a federal criminal proceeding."); *see also Hill v. Bookout*, 584 F. App'x 588, 589 (9th Cir. 2014) ("[A] federal public defender does not act under color of federal law when performing the traditional role of a lawyer representing an indigent criminal defendant."); *Weaver v. Frick*, No. 98-15362, 1999 WL 191413, at *1 (9th Cir. Mar. 19, 1999) ("Because an attorney appointed by the court does not act under color of state or federal law when performing the traditional functions of counsel to a criminal defendant, [plaintiff's] claim is wholly insubstantial and the district court did not abuse its discretion by dismissing [plaintiff's] complaint for lack of jurisdiction." (internal citations and footnote omitted)); *Black v. Barnes*, No. 93-16435, 1995 WL 394363, at *1 (9th Cir. June 30, 1995) ("[Plaintiff's] claim does not have arguable basis in law or in fact because there is no jurisdictional basis for a *Bivens* action against a federal public defender on a claim of inadequate representation in a criminal proceeding."); *Chow v. Delambert*, No. 91-16116, 1992 WL 203878, at *1 (9th Cir. Aug. 20, 1992) ("[Plaintiff's *Bivens*] claim does not have an arguable basis in law or in fact because his attorney is a private party who does not act under color of federal law."); *Shoulderblade v. Babcock*, No. CV 10-117-BLG-RFC-CSO, 2010 WL 3928619, at *1 (D. Mont. Oct. 4, 2010) ("Even if [plaintiff] could prove ineffective assistance of counsel, he cannot state a claim for damages against his criminal

defense lawyer because there would be no state action.").  Thus, Sullivan fails to state a plausible claim for relief under *Bivens*.

Second, even assuming the existence of a *Bivens* remedy, Sullivan's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Supreme Court held "that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been" previously invalidated.  *Id.* at 486–87.  A conviction or sentence may be invalidated by being reversed on appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus.  *See id.*  Although the *Heck* rule was announced with respect to an action for damages, it applies no matter the relief sought.  *See Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).  In addition, the Ninth Circuit has concluded that the rationale of *Heck* applies to *Bivens* actions.  *See Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996).

Here, Sullivan cannot show that her a conviction or sentence has been previously invalidated.  Indeed, Sullivan has not yet been sentenced.  Sullivan's claims are therefore also barred by *Heck*.  *See Harshman v. Beistline*, Case No. 18-cv-05430-EMC, 2019 WL 295261, at *2 (N.D. Cal. Jan. 23, 2019) ("Even if a *Bivens* claim existed for claims regarding the criminal trial or filing practices in

federal courts, [plaintiff] cannot bring a *Bivens* action for alleged constitutional violations in connection with his criminal trial as long as the conviction remains in place."); *Klucka v. Oronoz*, No. 2:12-cv-01760-LRH, 2012 WL 6161970, at *2 (D. Nev. Dec. 10, 2012) ("To the extent Plaintiff seeks damages under *Bivens* based on the alleged ineffective assistance of his stand-by counsel, his claim is dismissed."); *Shoulderblade*, 2010 WL 3928619, at *2 ("[E]ven if [plaintiff] could name a proper defendant, any claims regarding his criminal proceedings are barred by the doctrine set forth in *Heck*."); *Kashani v. Svetcov*, No. C 00-4449 SI, 2001 WL 210479, at *2 (N.D. Cal. Feb. 20, 2001) ("[E]ven if [plaintiff] could plead some conspiracy to avoid the rule that precludes an action against one's criminal defense attorney, his damages claim could not proceed because it is barred by *Heck*."). Because amendment of Sullivan's claims would be futile, the Complaint and this action are DISMISSED WITH PREJUDICE.

## IV.  <u>28 U.S.C. § 1915(g)</u>

Sullivan is notified that this dismissal may count as a "strike" under 28 U.S.C. § 1915(g).  Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

10

28 U.S.C. § 1915(g).

## V.  <u>CONCLUSION</u>

(1) The Initial Complaint Against Rustam A. Barbee for Ineffective Assistance of Counsel, ECF No. 1, is DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

(2) Because amendment of Sullivan's claims would be futile, the Complaint and this action are DISMISSED WITH PREJUDICE, and this dismissal may constitute a strike under 28 U.S.C. § 1915(g).

(3) The Clerk is DIRECTED to enter judgment and close this case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, November 30, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**LEIHINAHINA SULLIVAN VS. RUSTAM A. BARBEE; CV 22-00464 LEK-RT; ORDER DISMISSING INITIAL COMPLAINT AGAINST RUSTAM A. BARBEE FOR INEFFECTIVE ASSISTANCE OF COUNSEL AND ACTION**